IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **RAYSHUN GOODEN-EL,** § | | |
| aka Rayshun Gooden, § | | |
| (TDCJ No. 1042771), § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | | Civil Action No. 4:20-cv-116-O |
| § | | |
| **TARRANT COUNTY, TEXAS,** § | | |
| **CITY OF FORT WORTH, TEXAS,** § | | |
| § | | |
| **Defendants.** § | | |

**OPINION AND ORDER OF DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate/Plaintiff Rayshun Gooden-El's ("Gooden-El") claims to determine if they are frivolous, malicious, or fail to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B). Having reviewed and screened the claims in the complaint, the Court concludes that Gooden-El's claims in this case must be dismissed under authority of these provisions.

**I.    BACKGROUND**

At the time he filed his complaint and attached supplemental complaint, Gooden-El was confined in the Estelle Unit of the Texas Department of Criminal Justice, Correctional Institutions Division.[1] ECF Nos. 1, 1-1. Gooden-El was convicted of capital murder in McLennan County, Texas, and was sentenced to life in prison on April 26, 2001. *See*

---

[1]Although Gooden-El purportedly filed his complaint on behalf of others, he is the only plaintiff who signed the complaint. Compl. 4, ECF No. 1. As Gooden-El is not a licensed attorney, he is not authorized to represent the interests of others named in his complaint. Therefore, the only plaintiff in this suit is Rayshun Gooden-El.

1

https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=05905905.

Gooden-El originally filed his pleading in the Eastern District of Texas under the Alien Tort Claims Act of 1789 and pursuant to the Court's diversity jurisdiction. Compl. 1, ECF No. 1. That court severed the action into five different cases and transferred them to various courts around the state. Transferred to this Court are Plaintiff's claims brought against Tarrant County, Texas, and the City of Fort Worth, Texas. Order 1-2, ECF No. 6.

Gooden-El contends that he is being unlawfully held as a hostage and political prisoner under the unethically applied Thirteenth, Fourteenth, and Fifteenth Amendments. Compl. 6-12, ECF No. 1. He complains the defendants have improperly identified him with the slave labels: NEGRO, BLACK, COLORED. *Id.* at 2. Gooden-El requests declaratory and injunctive type relief, including a "cease and desist order concerning the unlawful incarceration of the Moorish American National named herein"; an order that he be released to a "Third Party Beneficiary Contract to the Moorish American Nationals lawfully Constituted Government"; a writ of mandamus, and monetary damages. *Id.* at 13. Gooden-El also requests the "RELEASE and TRANSFER of the Forenamed Moorish American Nationals being held in unlawful Captivity, Custody/Hostage within the confines of THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE CORRECTIONAL INSTITUTIONAL DIVISION as political Prisoner and THE STATE OF TEXAS PROPERTY (NEGRO, BLACK, COLORED, AFRICAN AMERICAN)" [sic]. Suppl. Compl. 10, ECF No. 1-1.

## II.     LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Gooden-El is an inmate who was permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity,

2

officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Gooden-El is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915A and § 1915(e)(2) provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915A(b) and 1915(e)(2)(B).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Id.*

### III. ANALYSIS

#### A. Claims Based on Moorish American Nationality

Plaintiff Gooden-El challenges his incarceration under a theory that he was not subject to prosecution in Texas state courts because that prosecution deprived him of his rights as a "Moorish American National." Compl. 1-2, ECF No. 1. Another court in this circuit recently noted that the "Moorish American" claims are based on theories that are "not credible," and cited numerous cases

3

in support as follows:

> *See Bey v. State of Indiana*, 847 F.3d 559, 560-61 (7th Cir. 2017) (distinguishing tenets of the Moorish Science Temple of America from discredited theories asserted by so-called Moors associated with the sovereign-citizen movement); *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 539-51 (D.N.J. 2011) (declining to grant leave to proceed *in forma pauperis* in a case brought by adherents to a "Moorish Movement" related to sovereign citizenship); *Barthelemy-Bey v. Louisiana*, No. 19-cv-12671, 2019 WL 5430594, at *2 (E.D. La. Oct. 1, 2019) (describing the civil action brought by a Moorish prisoner as "frivolous because the claims are based on a 'sovereign citizen' theory, which is an indisputably meritless legal theory") (citations omitted); *Mason v. Anderson*, No. 4:15-cv-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 8, 2016) (noting that "courts routinely dismiss sovereign citizen claims") (citing *Wirsche v. Bank of Am., N.A.*, No. 7:13-cv-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013) (Alvarez, J.) ("These teachings have never worked in a court of law - not a single time.") (citations omitted)); *Gooden-El v. Texas*, No. 20-cv-159, 2020 WL 1847157, at *1-2 (W.D. Tex. Apr. 13, 2020) (recommending dismissal of a complaint filed by another inmate from the Estelle Unit, seeking release of all "Moorish American Nationals" being held in unlawful captivity as hostages or political prisoners, as "frivolous").

*King v. Trump*, CA No. H-20-1600, 2020 WL 3542778, *2 (S.D. Tex. June 30, 2020). As a result, the court in *King* dismissed the plaintiff's Moorish American based claims as both factually and legally frivolous. *Id.* at *3 (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (stating that a complaint may be dismissed as factually frivolous if it fits within the "category encompassing allegations that are 'fanciful,' ... 'fantastic,' ... and 'delusional'") (quoting *Neitzke*, 490 U.S. at 325, 328.

Likewise, in this case, the Court finds that Gooden-El's claims that he is not subject to prosecution as a Moorish American are frivolous, for the same reasons set forth in the above-cited cases. *See generally Vassar-E v. Louisiana*, CA No. 20-090, 2020 WL 2520718, at *3 (E.D. La. May 18, 2020) ("[i]t appears that Plaintiff is like many other 'Moorish American' who attempt to escape the laws of this country.") (citing *El v. Louisiana*, CA No. 16-2125, 2017 WL 1969552, at *3 (E.D. La. May 12, 2017) (citations omitted)).

4

Furthermore, similar to the court's review of the pleadings in *Vassar-E*, given the frivolity of Gooden-El's complaint upon review by this Court, he will not be permitted leave to file an amended complaint. *Id.* at *3. In this regard, because any amended complaint would still be based on a frivolous "sovereign citizen" theory, this deficiency cannot be cured through an amendment to the complaint. *See El v. Louisiana*, 2017 WL 1969552, at * 3 (citing *Bey v. Sutton*, No. 413-205, 2013 WL 5816427, at *1 (S.D. Ga. Oct. 29, 2013) (finding a "Moorish American's" complaint so frivolous that a "re-pleading option" was not warranted)). Accordingly, the Court finds that Gooden-El is not entitled to an opportunity to amend his complaint in this instance.

### B. Habeas Corpus Relief

To the extent Gooden-El seeks release from confinement, he must seek such relief in a petition for habeas corpus relief after he has exhausted his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). The Court will decline to construe this action as a request for habeas corpus relief, however, because if Gooden-El did not intend for this action to be a petition for habeas corpus relief under 28 U.S.C § 2254, any subsequently filed petitions could be subject to the restrictions on "second or successive" petitions. *See, e.g.*, *Castro v. United States*, 540 U.S. 375 (2003). Additionally, Gooden-El makes no allegations suggesting he has exhausted his state court remedies.

### IV. CONCLUSION and ORDER

It is therefore **ORDERED** that all of Plaintiff Rayshun Gooden-El's claims in this suit seeking declaratory or injunctive relief, or for monetary damages, are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and, alternatively, under 28 U.S.C. § 1915(e)(2)(B)(i).

It is further **ORDERED** that any claims that Gooden-El asserts challenging the fact or duration of confinement or seeking immediate or speedier release from confinement are **DISMISSED** without prejudice to him seeking habeas corpus relief.

**SO ORDERED** this **2nd day** of **March, 2021.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**